NATIONAL BANK OF DETROIT *v.* FIDELITY & DEPOSIT
COMPANY OF MARYLAND.

1. BANKS AND BANKING—CHECKS—FORGED INDORSEMENT—TRACING
OF FUNDS TO FORGER.

Fact that a portion of the proceeds of checks upon which drawer's
employee forged payee's indorsement was eventually paid to
such employee who then absconded did not constitute a tracing
of such portion into the hands of the drawer so as to relieve
drawee bank of liability for payment on the forged indorse-
ment.

2. SAME—CHECKS—FORGED INDORSEMENT—CHARGES AGAINST DE-
POSIT.

Checks upon which payee's indorsement is forged do not constitute
proper charges upon drawer's deposit where the proceeds there-
of are not traced to hands of the drawer.

3. APPEAL AND ERROR—INTERPLEADER—QUESTIONS REVIEWABLE

In drawee bank's suit interpleading various parties to transaction
involving forged indorsements to checks, propriety of provision
of decree requiring ultimate recipient of portion of proceeds
to repay same to bank, not having been appealed from and now
conceded to have been complied with, is not before Supreme
Court for determination.

4. BANKS AND BANKING—FORGED INDORSEMENTS—SUBSEQUENT IN-
DORSER.

Party who indorsed his name on checks after payee's name was
forged thereon thereby guaranteed the genuineness of the prior
indorsements and, as receiver of the money, became liable to
make refund thereof to drawee bank which in turn was liable
to indemnitor of drawer.

5. INTEREST—INTERPLEADER—REVERSAL OF DECREE IN CIRCUIT COURT.

Interest is allowed from date of decree in circuit court on re-
versal of provision therein by Supreme Court so as to hold
interpleaded indorser of check liable to make refund to drawee
bank.

Appeal from Wayne; Callender (Sherman D.), J.
Submitted June 8, 1939. (Docket No. 43, Calendar
No. 40,265.) Decided November 9, 1939. Rehearing
denied December 20, 1939.

Bill of interpleader by National Bank of Detroit against Fidelity & Deposit Company of Maryland, a Maryland corporation; Leeds Mitchell and others, individually and as copartners doing business as Winthrop, Mitchell & Company; Charles R. Gay and others, individually and as copartners doing business as Whitehouse & Company; Ray E. North; Cyrus King; and others for an injunction, an accounting, and determination of liability for payments on forged checks. Cross bills seeking to determine liability on checks. From decree rendered, defendant Winthrop, Mitchell & Company appeals and defendant North cross appeals. Affirmed in part and reversed in part.

*Leo J. Carrigan,* for plaintiff.

*Lightner, Crawford, Sweeny, Dodd & Mayer* (*Clifford M. Toohy,* of counsel), for defendant Winthrop, Mitchell & Company.

*Lawrence Rothenberg* and *Bernard F. Powell,* for defendant North.

WIEST, J.   This is a bill of interpleader.   John W. Adams, a duly licensed salesman of stocks, bonds and other securities, was in the employ of Winthrop, Mitchell & Company as a so-called "customer's man."   A broker's blanket bond, issued by the Fidelity & Deposit Company of Maryland, underwritten to the amount of one-half of the maximum liability by the United States Fidelity & Guaranty Company, indemnified Winthrop, Mitchell & Company against loss "through any dishonest act of any of the employees, wherever committed, and whether committed directly or by collusion with others," but

not for "any loss directly or indirectly effected by means of forgery, unless the forgery be committed by, or with the collusion of, one or more of the employees."

In August, 1933, Adams reported that he had sold shares of stock owned by C. R. Scharff, a customer, and thereupon the manager issued two checks on the National Bank of Detroit, payable to the order of C. R. Scharff, one for $3,800 and the other for $7,000, and delivered them to Adams. Adams forged the indorsement of C. R. Scharff on the checks, indorsed his own name thereon, gave the checks to Ray E. North, who was seeking payment of $4,000 due Rose F. Beall through Whitehouse & Company, and with whom Adams had formerly been employed. Mr. North took the checks to Whitehouse & Company and there asked Cyrus King to cash them, as he was not acquainted at the bank. Mr. King did not cash the checks but went with Mr. North to the bank to identify him. Mr. North then indorsed and presented the checks, directed that $4,000 be credited to the Whitehouse & Company account at the bank in behalf of Mrs. Beall, and received $6,800 in cash, which he at once took to the office of Winthrop, Mitchell & Company and there handed the money to Mr. Adams, informing him of the mentioned use of the $4,000. Adams absconded with the $6,800.

The bank charged the account of Winthrop, Mitchell & Company with the checks and, upon demand of the drawer of the checks and a showing of the forged indorsement, declined to make any change. Thereupon Winthrop, Mitchell & Company made claim and received indemnity from the bonding companies and assigned the right of action against the bank to the Fidelity & Deposit Company. As assignee, the deposit company brought an action

at law against the bank. The bank then filed the bill herein to restrain the action at law and have all parties concerned impleaded and that a decree be entered finding and holding that the bank properly charged the amount of the checks to the account of Winthrop, Mitchell & Company. Pleadings were filed and the court decreed that plaintiff bank pay to the Fidelity & Deposit company of Maryland the sum of $12,951, with interest thereon from the date of the decree, and have execution therefor; that defendants, Ray E. North and the copartnership of Whitehouse & Company, pay to the plaintiff bank the sum of $4,000; that defendants, Ray E. North and the copartnership constituting Winthrop, Mitchell & Company, pay to the plaintiff bank the sum of $6,800, with interest; dismissed the bill as to other defendants and permanently enjoined the action at law brought by the Fidelity & Deposit Company.

The $6,800 drawn by Mr. North at the bank and delivered by him to the forger did not, in point of fact or law, constitute a tracing of the money to the hands of the drawer of the checks any more than had the forger gone to the bank, drawn the money and at once absconded with it. The bank, not having traced the money to the hands of the drawer of the checks, cannot charge the deposit of the drawer with the money paid on the forged indorsements, and the drawer's right and that of the indemnity company, its assignee, is to have decree against the bank for the sum of $10,800, with interest thereon from the date the checks were cashed.

The decree to such extent is affirmed, with costs to the Fidelity & Deposit Company.

The decree requiring Ray E. North, Cyrus H. King, and the copartners constituting the firm of Whitehouse & Company to pay $4,000 with interest

thereon to plaintiff bank, not having been appealed from and now conceded to have been complied with, is no longer involved.

The decree that Ray E. North and the copartners constituting the firm of Winthrop, Mitchell & Company pay the plaintiff bank $6,800 is reversed as to Winthrop, Mitchell & Company, with costs against plaintiff bank, and affirmed as to Ray E. North, who indorsed the checks and thereby guaranteed the genuineness of prior indorsements and, as receiver of the money, became and is liable to make refund, with interest thereon from date of the decree in the circuit court. Plaintiff will recover costs against Ray E. North.

A decree in accordance with this opinion will be entered in this court.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.